UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TEAH AVERETT, CINDY MALLESS, EUGENE PARSLEY, REBECCA PARSLEY, and CRYSTAL WHALEN,<br>  *Plaintiffs*,<br><br>  *vs.*<br><br>METALWORKING LUBRICANTS CO.,<br>  *Defendant*. | 1:15-cv-01509-JMS-DKL |

## **ORDER**

Plaintiffs Teah Averett, Cindy Malless, Eugene Parsley, Rebecca Parsley, and Crystal Whalen all live in Indianapolis near a manufacturing facility (the "Facility") owned and operated by Defendant Metalworking Lubricants Co. ("Metalworking"). Ms. Averett and Ms. Malless each filed bankruptcy petitions in 2011, and obtained discharges that same year. Neither disclosed any claims that they might have against Metalworking. Plaintiffs then brought this lawsuit in 2015, alleging negligence and nuisance claims relating to the emission of noxious odors from the Facility, which they admit they first became aware of in 2004. Metalworking has moved for summary judgment on Ms. Averett's and Ms. Malless' claims, because they did not disclose them in their respective bankruptcy proceedings. [Filing No. 60.] Metalworking's motion is now fully briefed, and ripe for the Court's consideration.

## I.
### STANDARD OF REVIEW

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the

asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Hampton v. Ford Motor Co.*, 561 F.3d 709, 713 (7th Cir. 2009). In other words, while there may be facts that are in dispute, summary judgment is appropriate if those facts are not outcome determinative. *Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). Fact disputes that are irrelevant to the legal question will not be considered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Johnson v. Cambridge Indus.*, 325 F.3d 892, 901 (7th Cir. 2003). The moving party is entitled to summary judgment if no reasonable factfinder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary

judgment because those tasks are left to the fact-finder. *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has "repeatedly assured the district courts that they are not required to scour every inch of the record for evidence that is potentially relevant to the summary judgment motion before them," *Johnson*, 325 F.3d at 898. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Ponsetti v. GE Pension Plan*, 614 F.3d 684, 691 (7th Cir. 2010).

## II.
### STATEMENT OF FACTS

The following statement of facts was evaluated pursuant to the standards set forth above, that is, they are either undisputed or presented in the light most favorable to Ms. Averett and Ms. Malless. The Court notes that because Ms. Averett and Ms. Malless do not set forth a Statement of Material Facts in Dispute in their response to the motion – and, indeed, do not set forth any facts at all – the following facts are largely taken from evidence cited in Metalworking's initial brief since Ms. Averett and Ms. Malless do not dispute them.

**A. Metalworking**

Metalworking's Facility is located at 1509 South Senate Avenue in Indianapolis and employs approximately fifty people. [Filing No. 8 at 2-3.] The Facility sits on forty acres, and provides waste oil processing, solids treatment, water treatment, blending, steam production, and hazardous waste storage services. [Filing No. 8 at 3.]

**B. Ms. Averett's Property and Bankruptcy**

Ms. Averett purchased a property at 1125 South Senate Avenue in Indianapolis in August of 2004. [Filing No. 8 at 1; Filing No. 61-9 at 2.] Shortly after purchasing her property, she

noticed a noxious odor that she claims emanated from the Facility and resulted from Metalworking's manufacturing process. [Filing No. 8 at 5; Filing No. 61-9 at 2.] She described it as "a gas-like, chemical type smell." [Filing No. 64-1 at 4.] Although she subsequently rented her property in 2011 and was not living there, she assumes that the noxious order continued through that time period. [Filing No. 61-9 at 3.]

On April 29, 2011, Ms. Averett and her then-husband, John Averett, Jr., filed a Voluntary Petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana. [Filing No. 61-2.] Schedule B to Ms. Averett's Statement of Financial Affairs asked Ms. Averett to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," and to "[g]ive the estimated value of each." [Filing No. 61-2 at 9.] In response, Ms. Averett placed an "X" in the column indicating "NONE." [Filing No. 61-2 at 9.]

On August 26, 2011, Ms. Averett filed a Notice of Conversion from a Chapter 13 to a Chapter 7 bankruptcy proceeding. [Filing No. 61-3.] On December 13, 2011, the Bankruptcy Court entered a Discharge of Debtors which stated that "[t]he chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed." [Filing No. 61-4 at 2.] During the pendency of her bankruptcy proceeding, Ms. Averett never amended her schedules to disclose a claim related to the odor from the Facility. [Filing No. 61-5 (complete docket from Ms. Averett's bankruptcy proceedings).]

### C. Ms. Malless' Property and Bankruptcy

In August 2004, Ms. Malless purchased a property located at 1443 South Meridian Street in Indianapolis. [Filing No. 8 at 2; Filing No. 61-10 at 3.] Within the first week of living at the

property, Ms. Malless noticed an order that she claims emanated from the Facility and resulted from Metalworking's manufacturing process. [[Filing No. 8 at 5](#); [Filing No. 61-10 at 3](#).] She described the odor as "[b]urning oil, vomit, sour." [[Filing No. 61-10 at 3](#).] Ms. Malless experienced the odors through at least 2011. [[Filing No. 61-10 at 4](#).]

On February 22, 2011, Ms. Malless filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Indiana. [[Filing No. 61-6](#).] Schedule B to Ms. Malless' Statement of Financial Affairs asked Ms. Malless to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims," and to "[g]ive [the] estimated value of each." [[Filing No. 61-6 at 12](#).] Ms. Malless placed an "X" in the column indicating "None." [[Filing No. 61-6 at 12](#).] She did not disclose to either her bankruptcy attorney or the bankruptcy trustee that she had a claim based on the odors emanating from the Facility. [[Filing No. 61-10 at 4](#).]

On May 31, 2011, the Bankruptcy Court issued a Discharge of Debtor which stated that "[t]he chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed." [[Filing No. 61-7 at 2](#).] During the pendency of her bankruptcy proceeding, Ms. Malless never amended her schedules to disclose a claim related to the odor from the Facility. [[Filing No. 61-8](#) (complete docket from Ms. Malless' bankruptcy proceedings).]

**D. The Lawsuit**

Ms. Averett, Ms. Malless, and the remaining Plaintiffs initiated this lawsuit on September 25, 2015, [[Filing No. 1](#)], and filed the operative First Amended Class Action Complaint on September 30, 2015, [[Filing No. 8](#)]. Plaintiffs allege claims for: (1) public nuisance; (2) private nuisance; (3) negligence; and (4) gross negligence. [[Filing No. 8 at 9-12](#).] They bring their claims

on behalf of a putative class of "[a]ll owner/occupants and renters of residential property residing within one and one-half (1.5) miles of the [F]acility's property boundary." [[Filing No. 8 at 7](#).] Plaintiffs seek compensatory and punitive damages, attorneys' fees and costs, and interest. [[Filing No. 8 at 13](#).] Metalworking has moved for partial summary judgment, addressing only Ms. Averett's and Ms. Malless' claims. [[Filing No. 60](#).] The parties have agreed to participate in a private mediation on March 2, 2017. [[Filing No. 72](#); [Filing No. 74](#).]

## III.
### DISCUSSION

Metalworking sets forth two arguments in support of its Motion for Partial Summary Judgment: (1) that Ms. Averett and Ms. Malless lack standing because they failed to disclose their claims against Metalworking that are the subject of this lawsuit in their bankruptcy proceedings; and (2) that the doctrine of judicial estoppel bars their claims because of their failure to disclose them. [[Filing No. 61 at 8-13](#).] The Court will consider the arguments in turn.

**A. Standing**

Metalworking argues that when Ms. Averett and Ms. Malless initiated their bankruptcy proceedings, they should have disclosed their claims against Metalworking because both testified that "the alleged odor issue has occurred since they moved into their homes in August 2004 and was occurring at the time they filed for bankruptcy." [[Filing No. 61 at 8-9](#).] It argues that Ms. Averett's and Ms. Malless' claims accrued when they discovered their injury, and that both "indisputably knew at the time of their bankruptcies in 2011 that they were suffering noxious odors being caused by someone." [[Filing No. 61 at 10-11](#).] Metalworking asserts that the fact that Ms. Averett and Ms. Malless filed this lawsuit after they obtained discharges in their bankruptcy proceedings is irrelevant. [[Filing No. 61 at 11](#).] It contends that Ms. Averett's and Ms. Malless' claims were assets of the bankruptcy estate and can only be pursued by their bankruptcy trustees,

- 6 -

and that the trustees cannot be said to have abandoned those claims because the trustees were not aware of them. [Filing No. 61 at 10.] Accordingly, Metalworking argues, Ms. Averett and Ms. Malless lack standing to pursue their claims. [Filing No. 61 at 10.]

Ms. Averett and Ms. Malless do not address Metalworking's standing argument in their response brief. [*See* Filing No. 64.]

On reply, Metalworking reiterates the arguments it set forth in its opening brief. [Filing No. 66 at 2.]

The Bankruptcy Code requires the debtor to schedule as assets "all legal or equitable interests of the debtor in property as of the commencement of the [Chapter 7 bankruptcy] case." 11 U.S.C. § 541(a)(1). Any legal claims that exist when the bankruptcy is filed are property of the bankruptcy estate, and may only be pursued by the bankruptcy trustee. *Matthews v. Potter*, 316 Fed. Appx. 518, 521 (7th Cir. 2009) ("Under § 541 of the Bankruptcy Code, all of a debtor's property, including legal claims, become part of the bankruptcy estate at the time the petition is filed"). "The trustee may abandon a legal claim, but until then only the trustee, as the real party in interest, has standing to sue." *Id.*; *see also Biesek v. Soo Line R. Co.*, 440 F.3d 410, 413 (7th Cir. 2006).

Metalworking argues that Ms. Averett's and Ms. Malless' trustees could not have abandoned their claims against Metalworking because the trustees were not even aware of the claims. But the Seventh Circuit Court of Appeals has not focused on the trustee's knowledge – rather, it has drawn a distinction between bankruptcy proceedings that are ongoing, and those that have been closed, finding that in the latter situation the trustee is deemed to have abandoned the claim. *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006) (where claim was not scheduled and discharge followed, "the trustee abandoned any interest in [the] litigation, so the creditors are out of

the picture…."); *see also Canen v. U.S. Bank Nat. Ass'n*, 913 F.Supp.2d 657, 664 (N.D. Ind. 2012) (noting that it is the Seventh Circuit's position that once the bankruptcy estate is closed, "the trustee will be deemed to have abandoned the claim….").[1]

The Court finds that Ms. Averett and Ms. Malless have standing to assert their claims, because their claims were deemed abandoned by the bankruptcy trustees when their bankruptcy proceedings closed. Importantly, "[t]his doesn't mean that a Chapter 7 debtor can 'hide' pre-bankruptcy claims when he or she files, wait until his or her case is closed, and then pursue those claims. It's just that a different doctrine – judicial estoppel – will apply to bar the pre-bankruptcy claims in that situation." *Id.* at 663. Accordingly, the Court will consider Metalworking's second argument – that judicial estoppel bars Ms. Averett's and Ms. Malless' claims.

**B. Judicial Estoppel**

Metalworking argues that the doctrine of judicial estoppel bars Ms. Averett's and Ms. Malless' claims because it is undisputed that they knew of the odor when they filed their bankruptcy petitions, and they did not disclose their claims in their bankruptcies. [Filing No. 61 at 9.]

Ms. Averett and Ms. Malless argue in response that Metalworking must show they had an intent to deceive or manipulate the Bankruptcy Court, and that Metalworking has not explained "how [they] benefitted from their alleged non-disclosure or that [their] non-disclosure was anything less than inadvertent or a mistake." [Filing No. 64 at 4.] Ms. Averett and Ms. Malless also

---

[1] It does not appear that the Seventh Circuit has considered the situation where the trustee did not know about the claim so, arguably, could not be said to have abandoned it. At least one district court within the Seventh Circuit, however, recognized the distinction between ongoing and closed bankruptcy proceedings even where the trustee did not know about the claim, although declined to "definitively resolve" whether the plaintiff had standing and, instead, found that judicial estoppel barred the plaintiff's claims. *See Murphy v. FT Travel Management, LLC*, 2014 WL 1924045, *3-4 (N.D. Ill. 2014). The Court heeds the Seventh Circuit's instruction that the relevant focus in determining whether the bankruptcy trustee abandoned the undisclosed claim is whether the bankruptcy proceeding is ongoing or closed.

- 8 -

note that their "claims did not predate their bankruptcy filings…." [Filing No. 64 at 6.] Finally, Ms. Averett and Ms. Malless argue that under the continuing nuisance doctrine, "each invasion of Defendant's noxious odors into Plaintiffs' homes qualifies as a new cause of action." [Filing No. 64 at 7.]

On reply, Metalworking argues that Ms. Averett and Ms. Malless need not have intended to deceive or manipulate the Bankruptcy Court, but instead the debtor is bound by their representations no matter why they were made. [Filing No. 66 at 3-4.] It asserts that Ms. Averett and Ms. Malless do not dispute that they are pursuing claims based on "alleged nuisance odors they were fully aware of at the time of their bankruptcies and which they failed to disclose to the bankruptcy court," that they "[r]eceived a valuable benefit in the discharge of their debts," and that they "intend to keep any recovery without sharing it with their creditors." [Filing No. 66 at 5.] Metalworking contends that the continuing nuisance doctrine does not save Ms. Averett's and Ms. Malless' nuisance claims because they seek damages beginning before they filed for bankruptcy, and that the doctrine would not apply to their negligence claims in any event. [Filing No. 66 at 7-10.]

In determining whether to apply the doctrine of judicial estoppel, three factors "'typically inform the decision whether to apply the doctrine in a particular case.'" *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001)). These include "first, that 'a party's later position must be clearly inconsistent with its earlier position;' second, that 'the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled;' and third, that 'the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.'" *In re Knight-Celotex, LLC*, 695 F.3d at 721-22

(quoting *New Hampshire*, 532 U.S. at 750-51). "The doctrine of judicial estoppel prevents litigants from manipulating the judicial system by prevailing in different cases or phases of a case by adopting inconsistent positions. Manipulation may occur when a debtor deliberately conceals a contingent or unliquidated claim during bankruptcy proceedings and then later seeks to profit from that claim after obtaining a discharge of her debts." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 547 (7th Cir. 2014) (citations omitted). "[C]ourts consistently hold that a debtor who conceals a legal claim and denies owning the asset in bankruptcy is judicially estopped from later pursuing that claim to the debtor's personal benefit." *Matthews*, 2009 WL 741875 at *3. However, application of the doctrine of judicial estoppel may be inappropriate when the party's nondisclosure was based on inadvertence or mistake. *New Hampshire*, 532 U.S. at 753; *Williams v. Hainje*, 375 Fed. Appx. 625, 628 (7th Cir. 2010).

The Court finds that the circumstances here warrant application of judicial estoppel, though not the extent sought by Metalworking. Both Ms. Averett and Ms. Malless testified that they noticed the odor that forms the basis of their claims in August 2004, when they purchased their respective properties. Both testified that the odor continued through the filings of their bankruptcies in 2011. Despite being aware of the odor for over six years, neither disclosed their potential claims in their bankruptcies. And neither made any effort to explain why they did not disclose their claims. Tellingly, they do not present any evidence whatsoever that their failure to disclose the claims was inadvertent or a mistake, nor even affirmatively make that argument. The Court finds these circumstances sufficient to apply the doctrine of judicial estoppel. *See Cannon-Stokes*, 453 F.3d at 449 ("a debtor in bankruptcy is bound by her own representations, no matter why they were made…. Whether the bankruptcy fraud was [her lawyer's] suggestion, some other lawyer's, or Cannon-Stoke's own bright idea does not matter in the end. The signature on the bankruptcy

schedule is hers. The representation she made is false; she obtained the benefit of a discharge; she has never tried to make the creditors whole; now she wants to contradict herself in order to win a second case. Judicial estoppel blocks any attempt to realize on this claim for her personal benefit").

The degree to which judicial estoppel should be applied is another issue, however, and the Court finds that a complete bar of Ms. Averett's and Ms. Malless' claims is not appropriate under the circumstances. One of the main purposes of applying judicial estoppel in the bankruptcy context is to encourage debtors to disclose their claims during the bankruptcy so that creditors benefit from a full accounting of the debtor's assets. Judicial estoppel is an equitable doctrine, *Cannon-Stokes*, 453 F.3d at 448, and the Court finds it most equitable in this case to bar Ms. Averett's and Ms. Malless' claims to the extent they seek damages from before they received their discharges in their bankruptcy proceedings. Allowing Ms. Averett and Ms. Malless to seek damages for the time period post-discharge will not harm creditors, because those damages could not have been included as assets of the bankruptcy estates in any event.

Additionally, completely barring Ms. Averett's and Ms. Malless' claims strikes the Court as too harsh of a result given the continuing nature of those claims, and the fact that this is a somewhat unusual case where the harms they complain of allegedly occur anew every day and continue to the present. *See King v. Cole's Poultry, LLC*, 2016 WL 7191701, *4 (N.D. Miss. 2016) (declining to apply judicial estoppel to bar plaintiffs from asserting claims relating to chicken plant's emission of noxious odor near plaintiffs' homes, even where plaintiffs did not disclose claims in bankruptcies, and stating "applying judicial estoppel here would not fulfill the doctrine's purpose. In the Court's view, barring parties who have allegedly been suffering from chicken house-generated odors and flies since 2010 from recovery due to their failure to update a document

in their bankruptcy proceeding does not achieve substantial justice"). Prohibiting Ms. Averett and Ms. Malless from seeking damages incurred before their bankruptcy discharge imposes a consequence for not disclosing their claims and preserves the integrity of the bankruptcy proceedings, but it also provides the potential for recovery for a portion of the ongoing harm that they allege – a portion that their creditors would not have been entitled to in connection with their bankruptcies in any event. Given the equitable nature of the judicial estoppel doctrine, the Court finds this to be the most equitable result under the circumstances.

In sum, while Ms. Averett and Ms. Malless have standing to assert their claims, they are barred under the doctrine of judicial estoppel from seeking damages related to those claims that were incurred before they received their respective bankruptcy discharges.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** Metalworking's Motion for Partial Summary Judgment, [Filing No. 60], to the extent that Ms. Averett and Ms. Malless may not seek damages related to their claims which were incurred before they received discharges in their bankruptcy proceedings. Ms. Averett and Ms. Malless will remain parties to this action, but may only proceed with their claims on this limited basis. No partial judgment shall enter.

Date: 2/3/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**